# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

THOMAS I. AMSINGER,        )
                                    )
             Plaintiff,       )
                                    )
        v.                 )          No. 4:12-CV-906 CAS
                                    )
STEVE MUNCHNICK, et al.,    )
                                    )
            Defendants.    )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on defendant Steve Munchnick's motion to dismiss plaintiff Thomas Amsinger's first amended complaint for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Despite being ordered to do so, plaintiff, who is proceeding <u>pro se</u>, did not file a response to defendant's motion. Also pending before the Court is plaintiff' motion to file a third amended complaint, which defendant Munchnick opposes.[1] For the following reasons, the Court will grant defendant's motion to dismiss and deny plaintiff's motion to file a third amended complaint.

### *I. Background*

This action was filed by plaintiff on May 16, 2012, against Assistant United States Attorney ("AUSA") Steve Munchnick, Attorney General Eric Holder and Internal Revenue Service ("IRS") Commissioner D. Shulman. Plaintiff alleged in his original complaint that he was the victim of fraud

---

[1]Plaintiff filed his original complaint on May 16, 2012. In response to a motion to dismiss, plaintiff filed an amended complaint on October 22, 2012. On November 14, 2012, plaintiff moved to file a second amended complaint. Before the Court ruled on the motion, plaintiff withdrew his motion to file a second amended complaint. On April 23, 2013, plaintiff filed a motion for leave to file a third amended complaint; the motion that is pending before the Court.

and public corruption arising from a "corrupt prosecution effort" relating to the Anna M. Bremer Revocable Living Trust by Successor Trustee Kathryn Amsinger.

In response to the complaint, defendants filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Plaintiff, in response to the motion to dismiss, filed an Amended Complaint ("Complaint"), in which he abandons his claims against defendants Holder and Schulman. In his Complaint, plaintiff alleges that he has evidence that Kathryn Amsinger has committed fraud and/or embezzled money from the Anna M. Bremer Revocable Living Trust. He alleges that he brought this information to a fraud investigator at the IRS, Doylene Drury. Ms. Drury investigated the matter and referred plaintiff to AUSA Steve Muchnick, who was allegedly selected to prosecute the matter. Plaintiff alleges that he met with defendant Muchnick, but that defendant Muchnick refused to prosecute Kathryn Amsinger. Plaintiff alleges that defendant Muchnick has violated his his "Equal Justice Rights" by his refusal to prosecute Kathryn Amsinger. He also alleges that defendant Muchnick was negligent in failing to consult with or intentionally ignoring Ms. Drury and the evidence and information she discovered during her investigation of Kathryn Amsinger. Plaintiff further alleges that defendant Muchnick has associated with Postal Inspectors Todd Loos and S.B. White, persons who were the subject of a "OIG Postal Service Investigation," and that defendant Muchnick was sent to a "special facility (not a Federal Prison) for punishment and/or rehabilitation" as a result of "discoveries and/or confessions of [his] negligent act(s)." See Doc. 11 at 5-6. In his Complaint, plaintiff seeks judgment against defendant Muchnick in "a dollar amount yet to be pleaded." Id. at 6.

In the motion to dismiss presently before the Court, defendant Muchnick argues plaintiff's Complaint should be dismissed because the Complaint fails to plead a viable cause of action. Defendant Munchnick also argues plaintiff's claims are barred by the doctrines of sovereign immunity, qualified immunity, and prosecutorial immunity .

## II. *Legal Standard*

The standard for a motion to dismiss under Rule 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1). See Titus v. Sullivan, 4 F.3d 590, 593 & n.1 (8th Cir. 1993); Satz v. ITT Financial Corp., 619 F.2d 738, 742 (8th Cir. 1980). The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level. Twombly, 127 S. Ct. at 1964-65 & n.3." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 1969 (quoted case omitted).

The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of his claim. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). A court has authority to consider matters outside the pleadings for purposes of deciding a motion for dismiss for lack of subject matter jurisdiction. Harris v. P.A.M. Transport, Inc., 339 F.3d 635, 637 n.4 (8th Cir. 2003) (citing Osborn v. United States, 918 F.2d 724, 728 n.4 (8th Cir. 1990)). This does not convert the Rule 12(b)(1) motion into one for summary judgment. Id.

### III. Discussion

#### A. Sovereign Immunity

Plaintiff's Complaint fails to state whether plaintiff is asserting claims against defendant Munchnick in his official or individual capacity, or both. See Fed. R. Civ. P. 9(a). "If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995). See also Baker v. Chisom, 501 F.3d 920, 923-24 (8th Cir. 2007). A suit against governmental actor in official capacity is treated as suit against governmental entity itself. Kentucky v. Graham, 473 U.S. 159, 165 (1985); Brockinton v. City of Sherwood, 503 F.3d 667, 674 (8th Cir. 2007). Plaintiff's claims against AUSA Munchnick, therefore, must be construed as claims against the United States.

The United States, its agencies, and its officers or employees may not be made subject to suit for official actions unless the Congress has expressly and unambiguously waived the sovereign immunity from such claims. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999)

(quoting FDIC v. Meyer, 501 U.S. 461, 475 (1994)). See also Brown v. United States, 151 F.3d 800, 803-804 (8th Cir. 1998).

In order to affect a waiver of sovereign immunity, the Congress must enact a statute which expressly, unequivocally and unambiguously does so. A waiver of sovereign immunity will not be inferred from the language of the statute. Rather, such statutes are to be strictly construed in favor of sovereign immunity. Blue Fox, 525 U.S. at 251; Lane v. Pena, 518 U.S. 187, 192 (1996); United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992); Irvin v. Department of Veterans Affairs, 498 U.S. 89, 95 (1990).

The Complaint does not state any basis of jurisdiction and it does not refer to any federal laws or statutes. In his Complaint, plaintiff is asking for unspecified damages resulting from defendant Munchnick's violations of his "Equal Justice Rights." From the Complaint, it would appear that plaintiff may be attempting to allege a Bivens or constitutional-type claim against defendant Munchnick. Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). That said, a claim seeking money damages for constitutional violations against federal officer or employee acting in his official capacity is barred by sovereign immunity. Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998) (Bivens action cannot be prosecuted against the United States because of sovereign immunity). See also Blakely v. United States, 276 F.3d 853, 870 (6th Cir. 2002); Wittmann v. United States, 869 F. Supp. 726, 729 (E.D. Mo. 1994).

**B.    Federal Tort Claims Act**

To the extent that plaintiff's claims may be construed not as constitutional violations, but as common torts, plaintiff's claims would also be barred. The Federal Employees Liability Reform and Tort Compensation Act, commonly known as the Westfall Act, grants federal employees absolute

immunity from most claims for damages arising from acts within the scope of federal employment. 28 U.S.C. § 2679(b)(1), Osborn v. Haley, 549 U.S. 225, 229 (2007).[2] If indeed plaintiff is attempting to assert tort claims, he may not directly sue defendant Munchnick; his sole remedy is a Federal Tort Claims Act ("FTCA") action against the United States. 28 U.S.C. § 2679(b)(1); Molzof ex rel. Molzof v. United States, 502 U.S. 301, 304 (1992); Wollman v. Gross, 637 F.2d 544, 547 (8th Cir. 1980).

Under the FTCA, 28 U.S.C. §§2401(b) and 2675(a), a tort claim against the United States is forever barred unless it has first been presented to the appropriate Federal agency. McNeil v. United States, 508 U.S. 106, 111-112 (1993); Porter v. Fox, 99 F.3d 271, 274 (8th Cir. 1996); Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993). Filing an administrative claim is a prerequisite to maintaining jurisdiction and cannot be waived absent a showing of exhaustion. Bellecourt, 994 F.2d at 430; Manko v. United States, 830 F.2d 831 (8th Cir. 1987); West v. United States, 592 F.2d 487 (8th Cir. 1979). Plaintiff does not allege that he presented his claim against to the appropriate judicial agency and that the claim was denied, a jurisdictional prerequisite to filing suit in United States District Court under the FTCA. See 28 U.S.C. § 2675(a); McCoy v. United States, 264 F.3d 792, 795 (8th Cir. 2001) ("A litigant may not base any part of his tort action against the United States on claims that were not first presented to the proper administrative agency.").[3] As a

_____

[2]Defendant Munchnick filed a Certification of Employment attached to his motion to dismiss, which was signed by United States Attorney for the Eastern District of Missouri Richard G. Callahan and states: "At all times relevant to allegations contained in the Complaint, Defendant Steve Muchnick was an employee of the United States Attorney's Office, Department of Justice, a government entity eligible for coverage under the Federal Tort Claims Act." See Doc. 13, Ex. 1 at 1.

[3]It would also appear that plaintiff's claims are time-barred, as the allegations in plaintiff's Complaint date back to 2003 and even earlier.

result, plaintiff has failed to establish that the Court has jurisdiction over the subject matter of his allegations.

### C.    Prosecutorial Immunity

As stated above, the Complaint does not state a claim against defendant Steve Munchnick in his individual capacity.  To the extent plaintiff believes he has, any such claim would be barred by the doctrine of prosecutorial immunity.  Criminal prosecutors are shielded by absolute immunity for damages arising out conduct which is "intimately associated with the judicial stage of the criminal process." Imbler v. Pachtman, 424 U. S. 409, 430-31 (1976). Conduct that is covered by the doctrine of absolute immunity includes, among things, the decision to initiate prosecution. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).  To the extent plaintiff intends to bring a claim against defendant Munchnick based his decision not to prosecute Kathryn Amsinger, this claim would be barred because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [ ] the prosecutor is entitled to absolute immunity."  Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

### D.    Motion to Amend

Finally, in response to defendant's motion to dismiss, plaintiff moved to amend his complaint yet again.  Defendant Munchnick opposes the motion, and argues that the Court should deny the motion because the proposed amended complaint does not correct the fatal flaws found in plaintiff's Complaint.  Defendant points out that plaintiff had not changed the theory and nature of his claims – plaintiff continues to allege that he was harmed as a result of defendant Munchnick's  failure to prosecute Kathryn Amsinger.  Defendant argues that the doctrine of sovereign immunity still applies

to the proposed third amended complaint, and plaintiff continues to fail to state a claim under the FTCA because he has not complied with the requirements of 28 U.S.C. §§ 2401(b) and 2675(a).

The Court agrees that plaintiff's motion for leave to amend should be denied because amendment of the Complaint would be futile. Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993) ("[i[It is settled law that district courts may properly deny leave to amend if the proposed changes would not save the complaint") (citing Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989)). The United States is protected by the doctrine of sovereign immunity and plaintiff's proposed amended complaint does nothing to change the fact that he cannot state a claim under the FTCA. Furthermore, to the extend plaintiff wishes to pursue a claim against defendant Munchnick in his individual capacity, defendant Munchnick is entitled to prosecutorial immunity.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Steven Munchnick's Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED.** [Doc. 12]

**IT IS FURTHER ORDERED** that plaintiff Thomas I. Amsinger's Motion for Leave to File Third Amended Complaint is **DENIED.** [Doc. 30]

**IT IS FURTHER ORDERED** that plaintiff Thomas I. Amsinger's Motion for Partial Summary Judgment, Amended Motion for Partial Summary Judgment, Motion to Withdraw Amended Motion for Partial Summary Judgment, and Motion for Leave to File Supplement for Third Amended Complaint are **DENIED as moot.** [Docs. 26, 28, 31, 36]

An appropriate Order of Dismissal will accompany this Memorandum and Order.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this ____26th____ day of June, 2013.